# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA WILLIAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE CENTER COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No. 1:18-cv-00268-DAD-SAB <br><br> ORDER FOLLOWING INFORMAL HEARING DIRECTING DEPOSITIONS OF PLAINTIFFS TO BE HELD IN FRESNO, CALIFORNIA <br><br> (ECF Nos. 16, 17, 18) |

## I.

## BACKGROUND

### A.    Procedural History

On January 16, 2018, Plaintiffs filed an action in the Fresno Superior Court bringing federal and state law claims, which was removed to the above entitled court on February 23, 2018. (ECF No. 1.) The Court scheduled a telephonic conference call with the parties to discuss a discovery dispute, which was advanced from January 11, 2019, to January 10, 2019. (ECF Nos. 16, 18.) On January 10, 2019, the parties filed an informal discovery dispute joint letter brief outlining the contentions of the parties. (ECF No. 17.) On January 10, 2019, the Court held an informal telephonic conference call with the parties. Adam Stirrup appeared on behalf of Plaintiffs Rhonda Williams and Kathleen Kuball. Todd Barsotti appeared on behalf of Plaintiffs Shannon Jeffries and Jenine Paniccia. Julie Doumit appeared on behalf of Defendant. As discussed at the informal conference, the Court orders the depositions in dispute be conducted in Fresno, California, rather than as currently noticed to take place in Modesto, California.

///

1

**B. The Discovery Dispute**

Plaintiffs are current and former female athletic coaches at Fresno City College and Reedley College who have sued the colleges for gender discrimination relating to alleged disparate pay between male and female staff. The discovery dispute before the Court concerns the location of depositions of Plaintiffs which were noticed by Defendant to take pace in Modesto, California, on January 24, 25, 30 and 31 of 2019. Plaintiffs contend the Modesto location is inconvenient and traveling to such location constitutes an undue burden on the Plaintiffs and therefore request the Court to order such depositions to take place instead in Fresno, California.

1. <u>Defendant's Position Regarding the Discovery Dispute</u>

Defendants argue the chosen location in Modesto, California, is reasonably approximated between the respective parties' counsels' offices, and noticing the depositions in Modesto complies with the Federal Rules of Civil Procedure. While Rule 30, which governs notice of oral depositions, does not contain specific requirements governing the location of a deposition, it does provide that the deponent's attendance may be compelled by subpoena under Rule 45. (ECF No. 17.) Defendant argues that noticing the depositions to occur in Modesto satisfies the provision of Rule 45 applicable to party depositions because Modesto is "within the state" where Plaintiffs reside, and further, the location satisfies the stricter requirement for non-party depositions which require the location to be within 100 miles of where the person resides or is employed.

Defendant seeks to avoid holding the depositions in Fresno because such location would be a significant added expense for the Defendant, which is a public entity. By choosing the location in Modesto, such cost is partially mitigated, as a Fresno location would mean all of the cost of travel is placed on Defendant's counsel. Defendant would in fact prefer San Francisco, which would reduce the cost to Defendant further, but would place an even larger financial burden onto the Plaintiffs and their counsel. Therefore, Defendant argues the Modesto location is a reasonable location that would balance the burden between the parties, and is essentially "equidistant between Plaintiffs and Defendant's counsel." Defendant argues a protective order is

2

more appropriate in circumstances where the location of the deposition would create an undue burden or where it is intended to harass the opposing party, which is not the case here. Defendant argues this is especially true given that it is the Plaintiffs that chose to bring this lawsuit, and while less convenient than Fresno, the Modesto location would not require overnight travel or be unduly burdensome given the respective locations of counsel and the parties.

        2.      <u>Plaintiffs' Position Regarding the Discovery Dispute</u>

Plaintiffs argue the depositions should not be allowed to move forward as noticed in Modesto because all of the Plaintiffs and their counsel reside in Fresno County, and some of the Plaintiffs are still employees of Defendant's colleges, which are located in Fresno County. Plaintiffs believe Defendant's position in this dispute only focuses on satisfying the terms of Rule 45, but ignores the undue burden and expense such location places on Plaintiffs, factors to be considered by the Court under Rule 26. Plaintiff argues that while Defendant may notice the deposition in such location, such location is subject to the power of this Court to issue a protective order under Rule 26 in order to protect the Plaintiffs from undue burden and expense. Plaintiff notes the broad discretion afforded the Court to determine the proper location for depositions, and given that all the parties are located in Fresno, and the litigation is proceeding in this forum, urges the Court to find Fresno as the proper location.

Plaintiffs contend the burden for Plaintiffs to travel to Modesto is greater than the burden to Defendant if the depositions are held in Fresno. If held in Modesto, four Plaintiffs and their attorneys will have to travel the more than hour and half drive each way, likely requiring hotel stays the night before, and perhaps the night after the deposition. In contrast, Plaintiff argues that only one attorney on behalf of Defendant would be subject to the inconvenience of traveling to Fresno for the depositions,[1] and it was Defendant who chose to retain counsel located outside of the Fresno area.

///

---

[1] The Court notes that at the informal discovery teleconference, counsel for Defendant indicated that in fact, two attorneys will be attending each deposition on behalf of Defendant.

3

## II.

## DISCUSSION

Generally, "[a] party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2) . . . designating a different place." Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D. Cal. 2005) (citations omitted). Under Federal Rule of Civil Procedure 26(c), this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including: "(A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c). Specifically, this Court "has wide discretion to establish the time and place of depositions." Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994), as amended (July 25, 1994) (citing In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987), cert. dismissed, 488 U.S. 881 (1988)).

Here, the Court finds that holding the depositions in Fresno, the forum where the litigation is ongoing, and the location where all of the Plaintiffs and Defendant are located, imposes the least amount of undue burden on all of the parties and counsel in this matter. If the depositions were to move forward in Modesto, the costs and inconvenience of traveling a large distance and the requirement of using local lodging accommodations would fall upon both the Defendant and Plaintiffs, with the Plaintiff deponents and their counsel traveling from Fresno, and Defendant's counsel traveling from San Francisco. Despite all parties being burdened if held in Modesto, the Plaintiffs and their counsel would unduly bear the greatest expense and burden if they are made to attend the depositions as currently set.

Placing such a burden on the Plaintiff parties and their counsel is unnecessary. By setting the depositions in Fresno, Defendant's counsel would only be burdened slightly more by an increased distance to travel, as Defendant's counsel would already have to travel a considerable distance to Modesto, and Defendant's counsel would likely require lodging whether in Fresno or Modesto. It does not appear that any Defendant party representatives, other than counsel, would be attending any of the depositions, whether in Fresno or Modesto. On the other hand, the

Plaintiff deponents *and* their counsel would be required to travel and obtain lodging if held in Modesto. If held in Fresno, the four Plaintiff deponents and their counsel would not be burdened with multiple days of travel and the expense of lodging, whereas Defendant's counsel would only be slightly more burdened by attending the depositions in Fresno.

The Defendant party is located in Fresno and employed the Plaintiffs in Fresno. Defendant chose to retain counsel outside of the forum where the Court is located despite the fact that both the Plaintiffs and Defendants are located in Fresno, and the subject matter of the dispute occurred in Fresno. The Court also notes that Plaintiffs offered the use of their offices to conduct the depositions in Fresno, which could cut down on the additional cost to Defendant of utilizing a court reporter's office to complete the depositions, however Defendant's counsel did note it is not their customary practice to conduct depositions in opposing counsel's offices.

In viewing the potential burden holistically as applied to all of the parties in this matter, the Court finds that holding the depositions in Fresno rather than Modesto substantially alleviates the undue burden placed on the Plaintiffs, while only minimally increasing the burden on the Defendant's counsel.[2]

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the depositions currently scheduled to take place in Modesto, California, on January 24, 25, 30, and 31, 2019, shall instead be conducted in Fresno, California.

IT IS SO ORDERED.

Dated: __**January 11, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court emphasizes that the reasoning in this order is only applicable to the specific and particular facts of the current depositions.

5